UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ALAN BLOW,<br><br>                              Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et. al,<br>                             Defendants. | Case No.: 17-CV-157 JLS (JLB)<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 14, 18) |

      Presently before the Court is Plaintiff Joshua Alan Blow's Motion for Appointment of Counsel, (ECF No. 14), and Renewed Request for Appointment of Counsel, ("Counsel Mot.," ECF No. 18).[1] The Court previously granted Plaintiff's motion to proceed *in forma pauperis* but denied his initial motion to appoint counsel. (ECF No. 4.) The Court subsequently denied his amended motion to appoint counsel. (ECF No. 10.) The Court concluded exercising its limited ability to appoint counsel in a civil case was not appropriate because Plaintiff had not demonstrated "exceptional circumstances." (*Id.*; *see*

---

[1] Plaintiff's Motion for Appointment of Counsel, (ECF No. 14), appears to be a verbatim copy of his Renewed Request for Appointment of Counsel, (ECF No. 18). Accordingly, the Court cites to the latter of Plaintiff's motions, but the Court's Order applies to both.

*also id.* at 3–4[2] (discussing *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2004), and setting forth the appropriate legal standard for appointment of counsel in civil proceedings).)

In his renewed request, Plaintiff provides an affidavit from Julio Reyes, who is Plaintiff's "caretaker and partner in everything else in life." (Counsel Mot. 2, ECF No. 18.) In general, Mr. Reyes states the following: (1) Mr. Reyes has drafted and assisted Plaintiff with his filings thus far, (*id.* ¶ 1); (2) Plaintiff has difficulty articulating his claims and gets easily frustrated by complex tasks due to his disabilities, (*id.* ¶ 2); (3) Plaintiff does not have any formal legal training, (*id.* ¶ 3); (4) Mr. Reyes is not a lawyer and thus cannot represent Plaintiff, (*id.* ¶ 4); (5) Plaintiff and Mr. Reyes have unsuccessfully sought legal counsel from other organizations, (*id.* ¶ 5); (6) Defendants have "vast resources and unlimited budgets" and thus it is unfair for Plaintiff to be unrepresented, (*id.* ¶ 6); (7) Plaintiff does not understand "the legal terms, citations[,] and jargon" used in the Court's Orders, (*id.* ¶ 7).

As before, this request still does not demonstrate "exceptional circumstances" warranting an appointment of counsel. *See Palmer*, 560 F.3d at 970. First, Plaintiff has not demonstrated that he is likely to succeed on the merits. This case is in its infancy, and Defendants have recently filed a motion to dismiss Plaintiff's First Amended Complaint. (*See* ECF No. 25.) Second, Plaintiff has demonstrated his ability to articulate his claims *pro se* thus far. In addition to filing the several motions for appointment of counsel, Plaintiff has successfully moved the Court for permission to amend his original Complaint, (*see* ECF Nos. 22, 23), and Plaintiff successfully filed a response in opposition to Defendants' initial motion to dismiss the original Complaint, (*see* ECF No. 23), which is replete with case analysis and citations. This renders questionable Plaintiff's claim that he does not

/ / /

/ / /

---

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

understand the "legal terms, citations[,] and jargon" of the Court's Orders. Accordingly, at this time the Court **DENIES** Plaintiff's pending motions to appoint counsel (ECF Nos. 14, 18).

**IT IS SO ORDERED.**

Dated: April 17, 2017

Hon. Janis L. Sammartino
United States District Judge