UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ALAN BLOW,<br><br>                                     Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                                   Defendants. | Case No.: 17-CV-157 JLS (JLB)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 25) |

      Presently before the Court is Defendant County of San Diego's Motion to Dismiss First Amended Complaint (ECF No. 25). The Court vacated the hearing on the motion and took it under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 27.) Plaintiff Joshua Alan Blow, proceeding pro se, never filed an opposition to Defendant's Motion to Dismiss.

      Civil Local Rule 7.1(e)(2) states that "each party opposing a motion . . . must file that opposition . . . with the clerk and serve the movant or the movant's attorney not later than fourteen (14) *calendar* days prior to the noticed hearing." (Emphasis in original.) As a corollary, Civil Local Rule 7.1(f)(3)(c), entitled "Waiver," states that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion . . . ." Further, case law establishes

that "[b]efore dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (internal quotation marks omitted).

Plaintiff did not file any opposition to Defendant's motion to dismiss despite having an opportunity to do so. Indeed, Defendant's motion contains a proof of service indicating that Plaintiff was served with its motion. (*See, e.g.*, ECF No. 25-2 (proof of service).) In addition, the Motion to Dismiss reflects that the hearing on the motion was noticed for May 18, 2017 at 1:30 p.m. (ECF No. 25.) And there is no other indication that Plaintiff was otherwise unable to respond. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and the "risk of prejudice to the defendant" weigh in favor of granting the Motion to Dismiss on the grounds that Plaintiff has failed to file any opposition. *Ghazali*, 46 F.3d at 53. Accordingly, given Plaintiff's failure to file an opposition in compliance with the local rules, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 25). *See, e.g.*, *id.* ("Failure to follow a district court's local rules is a proper ground for dismissal."); *id.* at 54 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Salarda v. Aegis Wholesale Corp.*, No. 12CV0700-WQH-BGS, 2012 WL 3986441, at *1 (S.D. Cal. Sept. 11, 2012) (concluding same based on similar situation).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

17-CV-157 JLS (JLB)

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 25). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint (ECF No. 24). Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before fourteen (14) days of the date on which this Order is electronically docketed</u>. *Failure to file an amended complaint by this date may result in this case being dismissed with prejudice.*[1]

**IT IS SO ORDERED.**

Dated: July 6, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] In addition, the Court notes that a future failure to oppose a motion to dismiss may result in a dismissal of the complaint with prejudice.